El Juez Asociado Sr. Negrón Fernández no intervino.

FERNÁNDEZ & CO., INC., demandante y apelante, *v.* JUAN HUERTAS NÚÑEZ, demandado y apelado.

Núm. 9797.—*Sometido:* Marzo 10, 1949. *Resuelto:* Mayo 26, 1949.

*Miranda & Miranda Esteve,* abogados de la apelante; *Diego E. Ramos,* abogado del apelado.

---

El Juez Presidente Señor De Jesús emitió la opinión del tribunal.

La cuestión a resolver en este recurso es si la fecha en que cierta mercancía debía ser embarcada por la vendedora, era una condición esencial en el contrato de compraventa. La apelante, que en lo sucesivo llamaremos la demandante, vendió al apelado, a quien llamaremos el demandado, cierta cantidad de manteca para ser embarcada "por vapor Cape San Antonio, de la Lykes Line, señalado a salir en 30 noviembre". El vapor no salió hasta el 13 de diciembre con motivo de una huelga en la región del Golfo, y naturalmente, la mercancía llegó después de la fecha en que razonablemente el demandado podía esperarla. Al ser notificado éste de la llegada de la mercancía, rehusó recibirla por no haberse cumplido con el contrato de compraventa. La demandante sostiene que cumplió con el contrato, toda vez que el embarque se hizo en el primer viaje del vapor Cape San Antonio después del 30 de noviembre. Insiste, además, la demandante, en que la condición esencial del contrato era que el embarque se hiciese por el vapor en cuestión y que la fecha era indiferente, habiéndose ésta expresado meramente para describir el vapor en el cual había de remitirse la mercancía. Y arguye que el motivo por el cual el demandado rehusó recibir la mercancía fué porque a la llegada de la misma a Puerto Rico, su precio había bajado.

■■ En todo contrato de compraventa mercantil, la fecha de la entrega de la cosa vendida es una condición esencial. Esto es así para proteger al comprador de las constantes fluctuaciones a que está sujeto el mercado. Por esa razón, la fecha de embarque era una condición esencial, pues determinaba aproximadamente cuándo el comprador podría esperar la llegada de la mercancía y estar en condiciones de obtener el beneficio calculado.

Por lo general, tratándose de carga, el vapor en que deba enviarse no juega papel de importancia. Si esa mercancía

hubiera salido del Golfo alrededor del 30 de noviembre por cualquier otro vapor que debiera esperarse en Puerto Rico en la fecha en que debió haber llegado el vapor Cape San Antonio si hubiera salido alrededor de la fecha últimamente indicada, la demandante hubiera cumplido sustancialmente el contrato y ningún motivo hubiera tenido el demandado para negarse a aceptar la mercancía. Dió la coincidencia que el vapor Cape San Antonio estaba señalado a salir en la fecha que convenía al demandado, pero del récord no resulta ninguna condición especial del indicado vapor que indujera a aquél a preferirlo a cualquier otro que saliese en la misma fecha. El caso de *McFaddin Rice Milling Co.* v. *Maldonado,* 31 D.P.R. 472, es de perfecta aplicación. Es verdad que en el contrato que allí se interpretó no se mencionó el nombre del vapor que traería la mercancía, pero esa circunstancia no lo diferencia, sustancialmente, del que nos ocupa. El *ratio decidendi* fué que la mercancía no llegó a poder del comprador en la fecha en que razonablemente podía esperarse para ponerla entonces a la venta y así estar en condiciones de obtener el lucro que indujo al comprador a celebrar el contrato.

La existencia de un estado de huelga que impidió la salida del vapor el día convenido no excusa a la demandante del cumplimiento del contrato. Una huelga no es un caso fortuito y bien pudo preverlo la demandante y tomar las medidas necesarias para protegerse contra esa contingencia mediante la correspondiente estipulación en el contrato. *McFaddin Rice Milling Co.* v. *Maldonado,* supra.

*Procede la confirmación de la sentencia.*